1803.

M‘CULLOUGH administrator of PARLAND *against* YOUNG.

IN this case it was agreed by the counsel to submit a single question to the consideration of the court; namely, whether the plaintiff as administrator &c. could maintain his action against the defendant by virtue of letters of administration granted to him in the state of *Maryland.*

*Letters of administration granted under seal in a sister state are a sufficient authority to maintain an action in this state.*

*M. Levy* for the plaintiff read the first section of the act of 1705, which among other things provides that all letters of administration granted *out of this province* being produced here under the seals of the courts or offices granting the same, shall be as sufficient to enable the administrators by themselves or attornies to bring their actions in any court within this province, as if the same administrations were granted here, and produced under the seal of the register general's office of this province. 1 *St. Laws* 54. He said that the language of this act was too unequivocal to admit of an argument, and that to deny the plaintiff's authority to sue as administrator, was in fact to repeal the law.

*Hopkinson* for the defendant referred to the case of *Græme et al.* v. *Harris* (a) decided in 1789, in which this court held that letters of administration granted by the Archbishop of *York* were not a sufficient authority to maintain an action in this state. He contended that this decision was an authority for asserting that the law of 1705 was in this particular obsolete. That it was impossible to understand the words *out of this province* in their literal sense without overthrowing *Græme* v. *Harris*, and there was no warrant in the law for understanding them in any other sense. It must therefore be presumed to have been the opinion of the court that inasmuch as the law was passed when this state was a very insignificant colony, and when convenience may have justified the comity that was shewn to foreign letters of administration, the reason of it ceased when we became an independent government, and the amount and variety of personal property had greatly increased. It is in opposition to the law of some of our sister states, and therefore wants recipro-

(a) 1 *Dall.* 456.

1803.
M'CUL-
LOUGH
v.
YOUNG.

city; it must frequently produce collision between administra-
tors of different states; and it proceeds upon a misconception of
the nature of letters of administration, which are a mere local
authority from an officer of limited jurisdiction. One inconve-
nience which must result from it is monstrous;—the personal
property of an intestate in this commonwealth, and which is the
proper fund for payment of his debts here, may be taken away
and applied by the law of another state in direct hostility to the
interest of our own citizens. This certainly will be the effect
of acknowledging letters from *Delaware*, where an intestate's
creditors living within that state are first satisfied.

Per CURIAM. The act of Assembly referred to has uniformly
been considered not to extend further than to the provinces in
this country at the time the act was passed, and *Græme* v. *Har-
ris* turned upon that ground. At the same time it has been as
uniformly understood both before and since the revolution that
letters of administration granted in a sister state are a sufficient
authority to maintain an action here; and such has been the
practice without regard to the particular intestate laws of the
state where they have been granted. There may be indeed great
inconveniences from the law, but it lies with the legislature to
remedy them. We are of opinion with the plaintiff.