## Sayre's Executors *versus* Helme's Executors.

61   299
a197 285|
61        299
202      ¹175

1. Executors acting under letters from another state cannot maintain an action in Pennsylvania.

2. McCullough *v.* Young, 1 Binn. 63, is not law in Pennsylvania.

3. "The county where the principal part of (decedent's) goods, &c., shall be" in Act of 1832 (Registers, &c.), refers to estate in the Commonwealth, and not by comparison, with the estate outside of it.

4. The estate of a foreign decedent in Pennsylvania being only·one debt, administration should be granted by the register of the county where the debtor resided.

March 10th 1869.   Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ.   SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county* : No. 97, to January Term 1869.

Anselm Helme and others, executors, &c., of Brewster Helme, deceased, brought an action of assumpsit on the 21st of December 1861, against James Sayre and others, executors, &c., of B. S. Sayre, deceased.  The plaintiffs declared on a promissory note, the defendants pleaded the general issue, and also a special plea,. that the plaintiffs are not executors of Brewster Helme, deceased, by virtue of letters testamentary issued in the state of Pennsylvania, that the defendants at the issuing of the writ and their testator at the time of his death and long before, were and had been residents of Pennsylvania.  The plaintiffs proved the indebtedness of the defendants' testator, and letters testamentary granted to them by the surrogate of Orange county, New York.  No letters had been granted to them in Pennsylvania.  B. S. Sayre, at the time of his death, resided in Pennsylvania.  The evidence was that Brewster Helme at the time of his death had no goods in Pennsylvania, and owed no debts there.

The defendants' points were:

1. Under all the evidence in this case, the plaintiffs are not entitled to recover.

2. The plaintiffs have not shown that letters testamentary or of administration have been granted to them in the state of Pennsylvania, and the verdict in this case should be for the defendants.

The court (White, P. J.), charged :—

"It is true, as stated in defendants' 2d point, that plaintiffs have not shown that they are authorized by letters testamentary issued out of a Register's Court in Pennsylvania, to maintain this suit.  All the authority they have produced, is a record from a Register's Court in the state of New York.  This shows them to be executors of the decedent in the county of his domicil in the state of New York, and at the place where his principal property and effects were situate at the time of his decease.  They show also that the decedent had no unsettled transactions at the time of his

[Sayre *v.* Helme.]

decease in Pennsylvania, except the single note on which this suit is brought; that he owed no debts in Pennsylvania, and that the rights of citizens of Pennsylvania would not be affected by suit brought by his executors in Pennsylvania to recover the amount of this note, any more than they could have been affected by suit brought by decedent for that purpose in his lifetime.

"There is no controversy in regard to the facts. No evidence has been introduced by defendants to rebut or contradict the proof made by plaintiffs; and the court instructs the jury, that in the absence of such evidence, they cannot disregard of their own mere will the evidence introduced by plaintiffs; [and they are further instructed, that if they believe that evidence, and the whole evidence in the cause, they should render a verdict in favor of plaintiffs against James Sayre and Charles H. Maxwell, executors of B. S. Sayre, for the amount of the note given in evidence, with interest as provided therein, deducting payment endorsed thereon.]"

The verdict was for the plaintiffs for $1034.20.

The defendants took a writ of error and assigned for error, that the court erred:

1. In not charging the jury as requested in defendants' 2d point.

2. The part of the charge included in brackets.

*S. F. Wilson* and *M. F. Elliot*, for plaintiffs in error.—By the Pennsylvania statute executors under letters testamentary from another state cannot act as such here: Act of March 15th 1832, § 6, Pamph. L. 136, Purd. 275, pl. 14.

*R. Sherwood* and *W. H. Smith*, for defendants in error, referred to the Act of March 1832; McCullough *v.* Young, 1 Binn. 63; Dond *v.* Way, 17 Legal Intel. 316.

The opinion of the court was delivered, May 11th 1869, by

THOMPSON, C. J.—The only question presented in this case on argument, was, whether the executors of B. S. Sayre, deceased, who was domiciled in the state of New York at the time of his death, could, under letters testamentary granted by the Surrogate's Court of Orange county, New York, maintain suit for the recovery of a debt due the estate, by a citizen of this state. The court below held that he could, but for insufficient reasons, we think.

That there was but a single debt to be collected in Pennsylvania did not validate an authority which was otherwise invalid. *De minimis* is an inappropriate maxim in such a case. One demand might be the entire assets of even a large estate; it would not do, therefore, to make this the test. The rule in 1 Binn. 63, sanctioning suit by a foreign administrator, has long since ceased to be

[Sayre *v.* Helme.]

law in this Commonwealth. To allow it, would be to enable executors or administrators authorized by a foreign jurisdiction, to collect and carry away the assets of a foreign decedent's estate, and compel domestic claimants to follow them. And to remedy this, the 6th section of the Act of 15th March 1832, relating to Registers and Registers' Courts, Pamph. L. 135, contains this provision among others, that "no letters testamentary or of administration, or otherwise, purporting to authorize any person to intermeddle with the estate of a decedent which may be granted out of this Commonwealth, shall confer upon such person any of the powers and authorities possessed by an executor or administrator, under letters granted within this state." In Moore *v.* Fields, 6 Wright 467, we distinctly held that executors and administrators of another state could not sue here by virtue of letters granted there; but the recovery in that case was sustained on its own peculiar circumstances.

The idea advanced that there was no place for administration to be granted in this state, was also a mistake. The section partially quoted provides, that letters shall be granted in the county of the decedent's residence, but if he have no residence, then by "the register in the county where the principal part of the goods and estate of such decedent shall be." That means the principal part by reference to the estate within this Commonwealth, and not by comparison with the estate outside of it.

The claim in suit being admitted to be the only estate of the decedent in this Commonwealth, its *situs* was the place for administration, by the express terms of the statute. Thus auxiliary administration ought to have been granted in order to collect the debt in question. After collecting the debts here under letters thus granted, and a discharge of all domestic claims against the funds, the Orphans' Court having jurisdiction of the accounts of the administrator, would direct the balance to be remitted to the place of primary administration. That is the only mode of procedure in a case of this kind.

The 3d section of the Act of 16th June 1836, supplementary to the various acts relating to Orphans' and Registers' Courts, Pamph. L. 682, in its restraining provisions in relation to shares of stock belonging to the estates of minors, distinctly recognises the prohibitory clause in the 6th section of the Act of 1852 against persons having only foreign letters of administration, intermeddling with the property of decedents in this state.

Having no doubt that the plaintiffs below had no authority to maintain suit against the defendant, the judgment must be reversed.

Judgment reversed.