## BOYLE v. CURTIS PUBLISHING CO.
### Civ. No. 7362.

United States District Court
E. D. Pennsylvania.
Nov. 27, 1950.

William Jenks Woolston, Philadelphia, Pa., for plaintiff.

Philip H. Strubing, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This case arises upon the defendant's motion in opposition to a motion for the substitution of Aline Reiter Boyle as party plaintiff, under Rule 25(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., in an action brought by James C. Boyle, who subsequently died on May 20, 1950.

Under Rule 17(b) the capacity of an individual, other than a Federal Court appointed receiver, acting in a representative capacity to sue is determined by the law of the state in which the dis-

trict court is held. The rule in Pennsylvania, the State in which this court sits, is that a foreign executor or administrator has no standing to sue in the courts of the State. Consequently he has no right "to be substituted in a suit brought by a decedent during his life time". 2 Standard Pennsylvania Practice, p. 50, Sec. 64. Also see: Kelly v. Werner Co., 27 Pa. Dist. & Co. R. 38; 16 North 45; Moskovitz v. Moskovitz, 20 North 135. Before he may be substituted, the requirements set forth in the Pennsylvania Act[1], relating to foreign fiduciaries, should be met.

As far as the record before us is concerned, there is no indication that Aline Reiter Boyle has or has not met the requirements of the Pennsylvania Act. Accordingly we think that the executrix of the estate of James C. Boyle, deceased, should be given an opportunity to show that she has met the requirements of State law, and if she has not, she should be given an opportunity to meet those requirements. For this reason, we will hold in abeyance any ruling on the defendant's motion to dismiss.

1. Act of April 18, 1949, P.L. 512, art. XI, Secs. 1101 et seq., 20 P.S. § 320.1101 et seq.