## Bennicas Estate

*John F. Stine, Jr.,* for petitioners.

*Irving W. Coleman,* for accountant.

GEARHART, P. J., October 11, 1951.—Fred Bennicas died testate August 25, 1950. His will was duly probated September 9, 1950. Rose Bennicas Procopio was named executrix. She has filed no inventory. Samuel Bennicas, Joseph Bennicas, Allen Bennicas, Roy Bennicas and Carl Bennicas, brothers of the executrix, and together representing five of the eight heirs in remainder in this estate, seek to compel the executrix to file her account. In addition to being the residuary heirs, in their petition they represent that each of them is a creditor in the amount of $200 plus interest for moneys advanced to decedent during his lifetime.

Executrix through her attorney, Irving W. Coleman, has filed an answer. The answer admits that petitioners are contingent devisees under the will and with respect to the allegation that petitioners are creditors, makes the sparring reply:

"It is further averred that none of the petitioners have filed any formal claim, in writing, for monies advanced to the decedent during his lifetime with your

respondent or her attorney, and as a result thereof, the said petitioners are not creditors of the said Estate."

Still another defense is denominated "New Matter" and under this portion of the answer respondent executrix states that the only asset of the estate consists of a piece of real estate in Cementon, this county, and that the property was at the death of testator, and at the present time, occupied by Anita Bennicas, a devisee of decedent under the terms of his will; that by virtue of the character of the devise, no accounting is required at the present time.

Section 701 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.701 provides:

"Except as otherwise provided in this act, every personal representative shall file an account of his administration at the expiration of six months from the grant of letters or when directed to do so by the court, and may be cited to file an account at any time after the expiration of that period. Unless it is directed by the court, no account shall be filed within six months of the grant of original letters."

Section 501 of the act provides in substance that the personal representative shall administer all the real and personal estate of decedent except real estate occupied by an heir with the proviso that:

"The court may direct the personal representative to take possession of, administer and maintain real estate occupied by an heir or a devisee if this is necessary to protect the rights of claimants or other parties."

Section 401 of the act provides that the personal representative shall within three months of his appointment file with the register an inventory and appraisement of all real and personal estate of the decedent.

Section 736 of the act provides for the recordation of a certified copy of the adjudication or decree awarding the real estate, etc.

It is apparent from the foregoing that the chief duties of an executor and administrator are to collect and take charge of the assets of decedent, to file an inventory, and to file a true account of his administration at the expiration of six months from the grant of letters; and for a fiduciary to be excused from filing an account requires that he submit an unusual set of facts showing clearly that no useful purpose could be served in filing an account.

There are a number of cases where personal representatives have been excused from filing an account, such as where no assets have come into the hands of the representative, where litigation was pending, and where petitioner seeking to have an accounting clearly has no interest in the matter. The various cases are collected in Hunter's Pa. O. C. Commonplace Book, Executors and Administrators, §§14(c) and 14(d).

On the other hand, when the facts show that the executor has not filed an account and it is shown prima facie that petitioner is a creditor and that there are assets in the estate, it follows that the statutory direction must be complied with.

In the present case petitioners are not interlopers; admittedly, they are legatees, and prima facie from the pleadings they are also creditors. Respondent does not categorically deny that petitioners are creditors, and even if she had done so, petitioners are only required to make out a prima facie claim to entitle them to an accounting. Lightner's Estate, 144 Pa. 273; McNeal's Estate, 6 Kulp 271. And in case of doubt as to validity of the claim of petitioners, the benefit of the doubt is given to petitioners. Kern's Estate, 11 Lanc. 15; Clinton's Estate, 8 Dist. R. 661.

And in the latter case is found the following statement:

"And the Court will not consider the validity of the petitioning creditor's claim. This is well settled and

has been followed in numerous instances," (citing cases).

Under "New Matter" respondent assigns still another reason why she should not file an account, and that is on the theory that the only asset of the estate is real estate and that that is occupied by a devisee. However, under the Fiduciaries Act quoted above, it is the duty of the executor or administrator to administer not only the personal property but the real estate, and even in the case of real estate occupied by a devisee, the executor sometimes has certain duties to perform. (See sections 104, 401, 402, 501 and 736 of the Fiduciaries Act of 1949.)

We can glean no valid reasons from the pleadings why the executrix should be excused from filing an account at this time. On the other hand, it is apparent that there is a disputation between the executrix and her five brothers. While collection and conversion are administrative functions, the decision of questions of distribution is judicial and the exclusive function of the orphans' court. Moorhead's Appeal, 32 Pa. 297; Schaeffer's Appeal, 119 Pa. 640.

Whether or not there are creditors cannot be legally known until after the exhibition of an account and the statutory notice to creditors to present their claims: Morton's Estate, 201 Pa. 269; Mansfield v. McFarland, 202 Pa. 173.

And in order that there be a subject to which the jurisdiction of the orphans' court can attach itself, it is necessary that an account embracing the assets of decedent be filed and the machinery be put in operation. All claimants, whether next of kin or otherwise, must then appear at the audit of the account. And it is at the audit, after the compliance with the provisions of the Fiduciaries Act relating to notice, etc., that all interested parties are actually or constructively before the court: DiPaola Estate, 350 Pa. 408, 409.

Mr. Remick in his Pennsylvania O. C. Practice, (4th ed.), vol. 1, on p. 353, referring to the statutory provisions for the filing of an account, makes the following observation:

"This being true the time and effort given by fiduciaries, their counsel and even the courts, in efforts to find some excuse to avoid this simple duty [filing accounts] seem remarkable."

This strikes a responsive chord and our experience has been that very frequently those fiduciaries who neglect to file accounts or who assiduously try to avoid the filing of accounts are attempting to postpone the evil day. We do not mean to suggest that this executrix has anything to conceal. However, by the same token we feel certain that by filing an account the present difficulties amongst the parties can be settled, and in the long run it will be to the benefit of the executrix, perhaps more than to anyone else, that an account be filed at this time.