## Nickerson, Administrator, etc., v. Mullen

*J. W. McWilliams*, for plaintiff.

*George Hardy Rowley*, for defendant.

ROWLEY, P. J., October 5, 1953.—This matter is before the court upon defendant's preliminary objections to plaintiff's complaint in trespass.

Plaintiff's decedent, a resident of Trumbull County, Ohio, was fatally injured in an automobile accident in Mercer County, Pa. After her death, the Probate Court of Trumbull County, Ohio, granted letters of administration upon decedent's estate to Ralph W. Nickerson, instant plaintiff. Thereafter Ralph W. Nickerson, administrator aforesaid, filed a complaint in trespass against Edward Mullen to recover damages under the wrongful death statute of Pennsylvania. Thereupon, counsel for defendant filed preliminary objections to the complaint, contending that plaintiff, as a foreign administrator, cannot sue in Mercer County.

The action for wrongful death is governed by Pa. R. C. P. 2201-2225.

Rule 2202 provides:

". . . an action for wrongful death shall be brought *only* by the personal representative of the decedent. . . ."

Rule 2201 defines personal representative thus:

". . . 'personal representative' means the executor, administrator, administrator c. t. a., administrator d. b. n. or administrator d. b. n. c. t. a. of the estate of a decedent, duly appointed by the Register of Wills of any county of this Commonwealth or by any will probated in this Commonwealth, and shall include one or more such, whether individual or corporate."

Therefore, it clearly appears that the procedural rules do not empower a foreign fiduciary to enter an action in a Pennsylvania court for wrongful death of his decedent.

In early years, the Supreme Court of Pennsylvania declared that a foreign fiduciary had no power to maintain an action in Pennsylvania: Sayre's Executors v. Helme's Executors, 61 Pa. 299 (1869); Mansfield v. McFarland, 202 Pa. 173 (1903). This rule was declared for the protection of local creditors who other-

wise might be obliged to press their claims in a foreign jurisdiction. However, the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 1101, liberalized section 58 of the Act of June 7, 1917, P. L. 447, 525, 527, with respect to the powers in Pennsylvania of foreign fiduciaries. The Fiduciaries Act of April 18, 1949, P. L. 512, provides,

"A foreign fiduciary may institute proceedings in the Commonwealth (subject to the conditions and limitations imposed on nonresident suitors generally) and may exercise all the other powers of a similar local fiduciary, but a foreign personal representative shall have no such power when there is an administration in the Commonwealth."

From the final paragraph of section 1 of the Act of June 21, 1937, P. L. 1982, as amended by the Act of March 30, 1939, P. L. 14, 17 PS §61, which authorized the Supreme Court of Pennsylvania to prescribe the rules to govern the practice and procedure in civil actions at law, defendant cites the following:

"From and after the effective date of any rule promulgated under this section 1, and so long as said rule shall be operative, the operation of any Act of Assembly relating to practice or procedure in such courts, and inconsistent with such rule, shall be suspended insofar as such act may be inconsistent with such rule."

It is clearly evident that the provision of the Fiduciaries Act of 1949, with respect to foreign fiduciaries, is inconsistent with Pa. R. C. P. 2201-2202, which declares that only a fiduciary appointed by the register of wills of a county within this Commonwealth may bring an action for wrongful death. The question then arises whether operation of the subsequent Act of April 18, 1949, is suspended by virtue of the antecedent provisions of the Act of June 21, 1937, P. L. 1982, as amended by the Act of March 30, 1939, P. L. 14.

The rules approved by the Supreme Court have the force and effect of statutes and must be interpreted according to the laws governing the interpretation of a statute.

Defendant argues that the Act of 1949 deals in general terms with the subject whereas rules 2202 and 2201 are special provisions which take precedence over inconsistent general provisions.

Section 1 of Article II of the Constitution of Pennsylvania declares:

"The legislative power of this Commonwealth shall be vested in a General Assembly which shall consist of a Senate and a House of Representatives."

Within a severely limited area, the legislature may delegate some of its duties. It did so by the Act of 1937, which committed to the Supreme Court power to make general rules governing practice and procedure. But the "legislative power" remained in the legislature. The term "legislative power" means the power to make, alter and repeal laws: In re Marshall, 363 Pa. 326. One legislature cannot control the acts of a subsequent legislature in matters within the scope of legislative authority not prohibited by the Constitution.

The legislatures of 1937 and 1939 exercised their prerogatives in enacting statutes. Each succeeding legislature was wholly free to alter all that its predecessors had done, except statutes which constituted a contract.

It is our understanding that bills affecting matters committed to the Procedural Rules Committee are discussed by the legislature with that committee before they are enacted. Some such arrangement would seem necessary to maintain satisfactory rules of procedure.

Where, as here, there is a conflict between a subsequent statute and an antecedent procedural rule, the statute must prevail.

Accordingly, the preliminary objections must be dismissed.

### Order

And now, October 5, 1953, this matter came on for argument upon defendant's preliminary objections to the complaint, and same was argued, whereupon, after due consideration, it is ordered, adjudged and decreed that the preliminary objections be dismissed and defendant is ordered to plead over within 20 days.