**Carolyn Sue HUNT, Administratrix of the Estate of Leo Franklin Hunt, Deceased, parent and natural guardian of Tammy Sue Hunt and Curtis Franklin Hunt, minors, and Carolyn Sue Hunt, in her own right, Plaintiffs,**

v.

**PENN CENTRAL TRANSPORTATION COMPANY, a corporation, et al., Defendants.**

Civ. A. No. 76–539.

United States District Court, W. D. Pennsylvania.

June 18, 1976.

Louis B. Loughren, Pittsburgh, Pa., for plaintiffs.

Herbert Bennett Conner, Pittsburgh, Pa., for The Pittsburgh, Youngstown and Ashtabula Rwy. Co.

Bruce R. Martin, Pittsburgh, Pa., for Pennsylvania Power Co.

Aloysius F. Mahler, Pittsburgh, Pa., for Penn Central Transportation.

## MEMORANDUM OPINION

WEBER, District Judge.

The defendants in the above-case have moved the court to dismiss on three grounds, only one of which requires our extended consideration here. The failure to set forth the allegations of citizenship of the parties for the purpose of diversity jurisdiction is a defect which can be cured by amendment. The motion to dismiss the wrongful death cause of action by reason of the bar of the statute of limitations is not opposed by the plaintiff and will be granted.

The remaining grounds for defendants' motion arises from the fact that the plaintiff who is an administratrix appointed by the courts of West Virginia, filed the Pennsylvania Survival Act cause of action in the United States District Court in Pennsylvania without first securing ancillary letters of administration from a Pennsylvania court or complying with the filing provision of the Pennsylvania Statute, 20 P.C.S. § 4101. This statute gives a foreign fiduciary a right to sue but requires a copy of the appointment and an affidavit to be filed by a foreign fiduciary setting forth certain information concerning the estate which is being administered. There is no question that the required affidavit was not filed in Pennsylvania before the institution of this suit, and the statute of limitations on the survival cause of action has expired.

The capacity of plaintiff to bring suit is a matter controlled by the law of the state in which the district court is held. Fed.R.Civ.P. 17(b).

Defendants argue that by virtue of the failure to comply with this requirement the named-plaintiff has no capacity to sue in Pennsylvania and, therefore, the court has no jurisdiction of this action which requires its dismissal.

At common law in Pennsylvania a foreign fiduciary had no power to maintain an action in Pennsylvania; *Sayre's, Executors v. Helme's Executors*, 61 Pa. 299 [1869], *Mansfield v. McFarland*, 202 Pa. 173, 51 A. 763 [1903]. The Fiduciaries Act of April 18, 1949, P.L. 512 § 1101 [20 P.S. 320.1101], however, authorized a foreign fiduciary to institute proceedings in the Commonwealth subject to conditions and limitations imposed on non-resident suitors generally;

this has most recently been re-enacted as the Act of 1972, June 30th, P.L. 508, 20 P.C.S. 4101.

In the only case which has treated the precise question before us was *Greene v. Goodyear, et al.*, 112 F.Supp. 27 [M.D.Pa. 1953]. There, the plaintiff Ohio administratrix filed her complaint in the district court on September 4, 1952 and filed the required exemplified copy of her appointment with affidavit as required by the Fiduciaries Act of 1949, in the Office of the Register of Wills of Dauphin County, Pennsylvania, on September 10, 1952. The defendant moved to dismiss on the grounds of lack of capacity to sue. The court allowed an amendment to the complaint showing the filing of the necessary papers in Pennsylvania. In any event the subsequent filing and amendment were within the period of the statute of limitation, and the court held that the allowance of the amendment did not change the cause of action. The court cited Moore's Federal Practice, 2d Ed. Vol. 3, ¶ 17.19, p. 1386, which states:

> The majority of the states now have statutes which permit foreign executors and administrators to sue although they often require the foreign representation to comply with certain conditions, such as recordation of a copy of his letters in a specified office. In a federal court held in a state which has such a statute the foreign representative has capacity to sue by virtue of the last sentence of sub-division (b), but he should comply with the conditions of the state statute.

The question then becomes one whether or not compliance with the statutory recording requirement and an amendment of the complaint can be allowed subsequent to the expiration of the statute of limitations.

Plaintiff argues that the language of § 4101 is silent as to any requirement that the papers must be filed before the institution of the suit.

We come to the conclusion that the defendants' argument as to the capacity of the plaintiff to maintain suit must fail. The provisions of § 4101 of the state statute clearly give foreign fiduciaries the capacity to sue in this Commonwealth. Therefore, defendants' argument that this court has no jurisdiction because of the lack of a plaintiff having the capacity to sue in Pennsylvania must fail. However, the plaintiff has not satisfied the filing requirements of the state before bringing the suit in this court and prior to the expiration of the statute of limitations on the survival cause of action. Our question then becomes one of whether or not an amendment may be allowed subsequent to the statute of limitation. Although the amendment in *Greene v. Goodyear*, supra, was filed prior to the bar of the statute of limitations, the court noted that this action did not change the cause of action or the party-plaintiff and was clearly proper.

In a case involving the predecessor of Sec. 4101 of the Pennsylvania Act where a foreign administrator attempted to be substituted as a plaintiff before meeting the requirements of the then pertinent Pennsylvania statute, Judge Ganey determined

> as far as the record before us is concerned, there is no indication that (the foreign fiduciary) has or has not met the requirements of the Pennsylvania Act. Accordingly we think that the executrix of the estate of James C. Boyle, deceased, should be given an opportunity to show that she has met the requirements of State law, and if she has not, she should be given an opportunity to meet those requirements. *Boyle v. Curtis Publishing Co.,* 11 F.R.D. 92, 93 [E.D.Pa.1950].

*Fennell v. Monongahela Power Co.,* 350 F.2d 867 [4th Cir. 1965], and *Weinstein v. Medical Center Hospital of Vermont,* 358 F.Supp. 297 [D.Vt.1972], cited by defendant in support of its motion are not applicable here because they pertain to differing state statutory requirements governing the right to sue. In some respect these requirements are similar to those existing in Pennsylvania before the adoption of the Fiduciaries Act of 1949, in which the foreign fiduciary had no standing to sue unless granted ancillary letters of administration by a register of wills of a county within this Commonwealth.

The right of amendment is controlled by Fed.R.Civ.P. 15. 3 Moore's *Federal Practice,* 2d Ed. § 15.15(2), p. 1021, states:

statutes of limitations are designed to insure that parties are given formal and seasonable notice that a claim is being asserted against them. Rule 15(c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitation than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading is fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the state statute of limitations was designed to afford him. Being able to take advantage of plaintiff's pleading mistakes is not one of these protections.

In *United States v. Templeton,* 199 F.Supp. 179, 183 [E.D.Tenn.1961] it was stated:

. . . the rule to be followed in federal courts is that if there is an identity between the amendment and the original complaint with regard to the general wrong suffered, and with regard to the general conduct causing such wrong, then the amendment shall relate back and the statute of limitations would not avail to preclude a hearing on the merits.

Moore continues:

Further, the general philosophy of the pleading rules is that they should give fair notice, should be liberally construed, be subject to liberal amendment and that decision should be on the merits and not on the technical niceties of pleading. Op. cit. p. 1023.

With particular reference to allegations involving capacities of the parties Moore continues:

In cases involving an amendment, made after the applicable limitation has run, which seeks to change the capacity or identity of the parties, the courts have generally examined the facts of the case to ascertain whether the allowance of such amendment would be inconsistent with the notice requirement inherent in such limitation. Where plaintiff seeks to change the capacity in which the action is brought, or in which the defendant is sued, there is no change in the parties before the court, all parties are on notice of the facts out of which the claim arose, and relation back has been allowed in both the case of the plaintiff and the defendant. Op. cit. p. 1039.

Because we find that the foreign administrator had the capacity to sue in Pennsylvania, subject to the filing of certain informational materials in the Office of the Register of Wills in the County in which the action is brought, we cannot find the failure to file such information prior to the institution of this suit and prior to the expiration of the statute of limitations to be an absence of a capacity to sue and, therefore, we find no prejudice to any of the defendants from the allowance of such an amendment.

### ORDER

AND NOW this 18th day of June, 1976, it is

ORDERED that Defendants' Motion to Dismiss the Wrongful Death cause of action as barred by the statute of limitations is GRANTED, and it is

ORDERED that the Motion of Plaintiffs to Amend Complaint be GRANTED, and Plaintiffs shall have leave to file an Amended Complaint showing compliance with the filing requirements of the Pennsylvania Statute, 20 P.C.S. § 4101.

IT IS FURTHER CERTIFIED that the court is of the opinion that the within order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate determination of the litigation.