## LAMBERT et al. v. DOYLE et al.
## LEVICK v. SAME.
### Civil Actions Nos. 6440, 6441.

District Court, E. D. Pennsylvania.
March 31, 1947.

Peirce A. Hammond, Jr., and Langdon W. Harris, Jr., both of Philadelphia, Pa., for plaintiffs.

Henry S. Ambler and Howard R. Detweiler, both of Philadelphia, Pa., for defendants.

BARD, District Judge.

This case arises on defendants' motions to dismiss the complaints.

Plaintiffs brought the present actions for personal injuries and property damage arising from an automobile accident which occurred in Berks County, Pennsylvania. The complaints allege that plaintiffs are the owner and passengers of an automobile which collided with an automobile which was owned by defendant Anderson and was being negligently operated by defendant Doyle. It is alleged in the complaints that plaintiffs are citizens of the State of New Jersey, and that defendants Doyle and Anderson are citizens of Ohio and Kentucky, respectively.

Defendants were served in accordance with the procedure established by Rule 2079 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, and under the Act of May 14, 1929, P.L.1721, as amended, 75 P.S. § 1201 et seq. The Act of May 14, 1929, P.L.1721, provides, inter alia, that " * * * any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, * * * shall, by such acceptance * * * and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

Rule 2079 of the Pennsylvania Rules of Civil Procedure suspends the procedural provisions of the Act of May 14, 1929, P. L.1721, in that it provides for service of process upon the Secretary of the Commonwealth of Pennsylvania by registered mail, and also upon the defendant by registered mail at his last known address, with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth.

Defendants moved to dismiss the complaints on two grounds: First, that jurisdiction was not properly obtained over de-

fendants, and second, that venue was improperly laid in this District.

I will first consider defendants' contention as to jurisdiction, for if that contention is correct, it will not be necessary to pass upon the question of venue. The only basis of jurisdiction alleged in the instant case is that defendants were served in accordance with the Act of May 14, 1929, and Rule 2079, P.R.C.P., supra. Defendants suggest that the benefits of service under the Act of May 14, 1929, do not inure to a plaintiff who is not a resident of the Commonwealth of Pennsylvania. I am of the opinion that that contention is correct.

In the case of Haddonleigh Estates, Inc., et al., v. Spector Motor Service, Inc., 41 Pa.Dist. & C. 246 (Common Pleas, Bucks County, 1941), the Court held that the Act of May 14, 1929, could not be invoked in an action by one nonresident against another nonresident of Pennsylvania. I am aware of no other case decided in Pennsylvania, either by an appellate court or by a court of first instance, in which this precise question has been presented and passed upon.

Although the Haddonleigh case was decided by a Lower Court of the Commonwealth of Pennsylvania, in the absence of a Pennsylvania appellate court ruling, the Haddonleigh decision is controlling upon this Court under the rule of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and the decision in Fidelity Union Trust Co., Executors, v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. Said the Court in the Fidelity Union Trust Co. case, 311 U.S. at pages 177, 178, 61 S.Ct. at page 178, 85 L.Ed. 109:

" * * * The highest state court is the final authority on state law (Beals v. Hale, 4 How. 37, 54, 11 L.Ed. 865; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 823, 82 L.Ed. 1188, 114 A.L.R. 1487), but it is still the duty of the federal courts, where the state law supplies the rule of decision, to ascertain and apply that law even though it has not been expounded by the highest court of the State. See Ruhlin v. New York Life Insurance Co., 304 U.S. 202, 209, 58 S.Ct. 860, 862, 82 L.Ed. 1290. An intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question * * *."

See also Buttson v. Arnold, D.C.E.D.Pa., 1945, 4 F.R.D. 492.

Defendants' motion to dismiss is granted.