**JAFFE v. PHILADELPHIA & WESTERN R. CO.**

**Civ. A. No. 7566.**

United States District Court
E. D. Pennsylvania.

Jan. 27, 1948.

Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

Drinker, Biddle & Reath, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The Statute (28 U.S.C.A. § 80),[1] so far as being applicable to this action, provides that if it shall appear (1) that the suit does not really and substantially involve a controversy within the jurisdiction of the court, or (2) that one of the parties has been improperly or collusively made for the purpose of creating a case within the diversity jurisdiction of the court, the action must be dismissed.

Under the law of Pennsylvania, the administrator in a suit to recover damages for the death of his decedent is a real party in interest. He can control the action and discharge the obligation and the fact that he has no interest in the proceeds is immaterial. Hence, this suit does substantially involve a controversy between citizens of different states and the first ground for dismissal set up by the statute is avoided.

The question remains whether the administratrix has been improperly or collusively made party plaintiff in order to invoke federal jurisdiction. The stipulation filed by the parties makes it beyond question that the only purpose of the widow and her counsel in selecting a New Jersey resident to take out letters and bring the suit was to confer jurisdiction of the cause of action upon the federal court.

---

[1] In 1948 Revision, 28 U.S.C.A. §§ 1359, 1447.

Although the point in Mecom v. Fitz-simmons Drilling Co., Inc., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904, was the alleged improper and collusive action by the beneficiaries in having an administrator of the *same* state as the defendant appointed for the purpose of *avoiding* federal jurisdiction, there is no escape in the present case from the application of the principles upon which that case was decided. There, as here, the administrator was a real party in interest—more than a mere next friend or nominal party. The Supreme Court says in effect that this court cannot go behind the judicial act of the state court in appointing the administrator, in order to inquire into the purposes and motives of the parties before that court. In other words, the administrator was "made" by the state court, and what persuaded the court to appoint one person rather than another may not be the subject of inquiry here.

True, there was no statute dealing with collusive selection or joinder of parties in order to avoid federal jurisdiction and the question in the Mecom case was fraud and collusion in the general sense. All the same, the fact that a party is created by the act of the state court bars inquiry into the purposes and motives of those obtaining the appointment. See Harrison v. Love, 6 Cir., 81 F.2d 115; Stewart v. Patton, D.C., 32 F.Supp. 675.

█ As to the defendant's attack on the first cause of action, Rule 17(a) of the Federal Rules, 28 U.S.C.A., provides that although every action shall be prosecuted in the name of the real party in interest, "an * * * administrator * * * or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought". Pennsylvania Rule of Civil Procedure 2202, 12 P.S.Appendix, which, for this purpose has the effect of a statute, authorizes this administratrix to sue for the widow's cause of action as well as that of the estate under the act of 1937.

Rule 2202 allows the widow to bring the action in her own name if no suit has been brought by an administrator with-in six months after the decedent's death, and it might be argued as to the first cause of action that the failure of the widow herself to sue amounted to improper and collusive making of a party, to wit, the administratrix, for the purpose of obtaining federal jurisdiction and that her action, or rather nonaction, not being a judicial act, the principle of the Mecom case, supra, would not apply. This need not be decided. Inasmuch as the jurisdiction of the federal court properly obtains as to the second cause of action, and the administratrix is properly before the court to assert that cause, I entertain no doubt that this court may properly retain jurisdiction of the entire controversy.

The motion to dismiss is denied.