**NEFF et al. v. HINDMAN et al.**
Civil Action No. 6959.

District Court, W. D. Pennsylvania.
April 22, 1948.

Mercer & Buckley, of Pittsburgh, Pa., for plaintiffs.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

The instant action had its origin in an automobile collision in this District. By the complaint it appears that plaintiffs were injured when their automobile was struck by another owned by the defendant, Philip W. Hindman, a resident of Pennsylvania, and driven by the defendant, Joseph David Hindman, Jr., a resident of Oklahoma.

The plaintiffs were residents of Ohio and the action was instituted in the district of which Philip W. Hindman was a resident. The defendant, Joseph David Hindman, Jr., was served under the procedure of Rule 2079 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, and under the Act of May 14, 1929 as amended, P.L. 1721, 75 P.S. § 1201 et seq.

The defendant, Joseph David Hindman, Jr., has moved to dismiss the action against him or in lieu thereof to quash the return of service. The basic reason for the motion is the contention that the plaintiffs, being residents of the State of Ohio, are not entitled to the provisions of the Law of Pennsylvania in reference to the service on non-residents of the State of Pennsylvania.

Other than United States Supreme Court cases elaborating the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, only two cases have been cited by the defendant: Lambert et al. v. Doyle et al., D.C., 70 F. Supp. 990, and Haddonleigh Estates, Inc., et al. v. Spector Motor Service, Inc., 41 Pa. Dist. & Co. 246 (Common Pleas, Bucks County, 1941). Of these two cases, Lambert v. Doyle depends entirely upon the Bucks County Common Pleas case as setting forth the Pennsylvania Law upon the issue raised by the defendant's motion. An examination of that case will disclose that the declaration that a non-resident of Pennsylvania is not entitled to the provisions of Rule 2079 and the Act of May 14, 1929, in respect to service upon another non-resident, is mere dictum. While it is so stated, it will appear that two foreign corporations were involved, but the court refused the motion to quash the service because one plaintiff was registered to do business in Pennsylvania. With that basis the court allowed other non-residents to obtain service because only one summons and one appearance were required.

Haddonleigh Estates, Inc., v. Spector Motor Service, Inc., supra, is the only Pennsylvania reported case cited by defendant. It may be conceded that lower court cases may show the law of the state. Where a number of them unite on the same proposition, without contradiction by an appellate court for a long period, it may well be assumed that as the law of the state, it is generally accepted. But "one swallow doesn't make a summer." It just seems at least strange if federal judges, themselves sitting in the same state, are required to accept as the law of the state a single decision of a lower court even though their own judgment may be counter to it. In the instant case however, this court is not confronted by any such embarrassment.

The Bucks County Common Pleas Court decision is plainly counter to Knight v. West Jersey Railroad Company, 1885,

108 Pa. 250, 56 Am.Rep. 200, in which the court said:

"As a general rule neither citizenship nor residence is requisite to entitle a person to bring suit in Pennsylvania."

See the notes of the Committee which drafted the Pennsylvania Rules of Civil Procedure. These rules were promulgated by the Supreme Court and have the effect of law. It is plain the Committee did not intend that Rules 2077 and 2079 should be limited to resident plaintiffs. They specifically contradict the dictum in the Bucks County case. A note to Rule 2077(a) 9 follows:

"While the non-resident service statutes were originally designed to protect the resident plaintiff, the Non-Resident Motorist Act contains no limitation that the plaintiff must be a resident or must be domiciled in the state. Moreover, 'neither citizenship nor residence is requisite to entitle a person to bring suit in Pennsylvania.' It is therefore immaterial that the plaintiff is not a resident of or is not domiciled in the state."

Note 12 to Rule 2077(a) 9 is as follows:

"The contrary was held in Perkins v. Great Eastern System, Inc., Court of Common Pleas, Bucks County, No. 17, January Term, 1937 (not reported). This decision was followed by the same Court in Haddonleigh Estate, Inc. v. Spector Motor Service, 1941, 41 Dist. & Co. 247, in which two foreign corporations, one of them registered to do business in Pennsylvania, brought suit against a non-resident and effected service under the Non-Resident Motorist Act. The court re-declared its decision that a non-resident cannot invoke the Act but held that as one of the plaintiffs had registered to do business in Pennsylvania it was in effect a resident and service could therefore be made under the Act even though the other plaintiff was a non-resident."

"These decisions read into the Act a limitation which is not expressed and which is contrary to the policy declared in Knight v. West Jersey R. R. Co., 1885, 108 Pa. 250, 56 Am.Rep. 200. In other jurisdictions, the view has been adopted, in accord with that stated in the text, that unless the statute requires the plaintiff to be a resident, a non-resident may invoke the benefit of the non-resident motorist statute. Peeples v. Ramspacher, D.C., E.D.S.C.1939, 29 F. Supp. 632; Highway Steel & Mfg. Co. v. Kincannon, 1939, 198 Ark. 134, 127 S.W.2d 816, appeal dismissed without opinion in 1939, 308 U.S. 504, 60 S.Ct. 88, 84 L.Ed. 431, rehearing denied in 1939, 308 U.S. 635, 60 S.Ct. 134, 84 L.Ed. 528, * * *"

Even though it does not rank as a judgment, the opinions of the propounders of the Pennsylvania Rules of Civil Procedure should weigh at least equally with the judgment of a single Common Pleas Court.

The motion of the defendant will be denied.