## Webb, etc., et al. v. Link

*Gifford, Graham, MacDonald & Illig,* for plaintiffs.
*Thomas B. O'Connor,* for defendant.

PER CURIAM, February 2, 1949.—In this action in trespass defendant did not appear in response to the summons. Judgment was entered against him by default, and after trial the damages were liquidated in the amount of $6,372. The matter is now before us upon defendant's special appearance and motion to strike off the judgment for alleged defects apparent upon the record.

Plaintiffs are residents of Cleveland, Ohio, and defendant resides in Eden, N. Y. The automobile accident which gave rise to the litigation occurred December 22, 1945, on the East Lake Road in Erie County, Pa. Suit was instituted January 17, 1946, by the issuance

of a summons which had endorsed on its face, "Return-able first Monday in February 1946." On January 21, 1946, the Sheriff of Erie County deposited in the United States registered mail a true and attested copy of the summons addressed to the Secretary of the Common-wealth. On the same day a similar copy of the sum-mons was deposited in the registered mail and ad-dressed to defendant. This copy was endorsed, "A copy of this Summons was served by United States Registered Mail upon the Secretary of the Common-wealth, Commonwealth of Pennsylvania, on January 21, 1946."

Nothing further was done until November 21, 1946, when plaintiffs' statement of claim was filed. The mat-ter then lay dormant until January 23, 1947, when the judgment complained of was entered against defendant for failure to appear. Defendant was noti-fied by registered mail on February 24, 1947, that the case would be called for trial in March 1947, and on March 11, 1947, the damages were liquidated before the jury. Judgment was entered on the verdict March 25, 1948.

Defendant's complaint is twofold. Initially, he com-plains that the service was faulty in that it was not made at least 15 days before the return day of the writ as provided by the Nonresident Motorist Service Act of May 14, 1929, P. L. 1721, as amended, 75 PS §1202. His second complaint is that since plaintiffs are not residents of the Commonwealth they are not entitled to invoke the provisions of the act nor the concomitant Pa. R. C. P. 2077-2079.

The second contention is the more easily disposed of since we are convinced that as a general rule the doors of our courts are open to all regardless of resi-dence or citizenship. This is what our Supreme Court said in Knight v. West Jersey Railroad Co., 108 Pa. 250, 255, and so far as we know, in regard to the pres-

ent problem, there is little authority to the contrary. Judge Boyer, in Haddonleigh Estates Inc., et al. v. Spector Motor Service, Inc., 41 D. & C. 246 (Bucks County), held that the provisions of the Nonresident Motorist Act are not available to a nonresident plaintiff, but that decision is based upon a previous, unreported, decision in the same court and we are denied the benefit of the reasoning in support of the rule. Lambert et al. v. Doyle et al., 70 F. Supp. 990, is in accord with the same view, but in that case Judge Bard felt obligated to accept the Haddonleigh case, supra, as the law of Pennsylvania and accordingly followed it as precedent. For practical purposes these decisions may be considered as consolidated. On the other hand, we have Neff et al. v. Hindman et al., 77 F. Supp. 4, and the unreported case of John v. Parks, 202, June term 1947, C. P. of Fayette County, in both of which the right of nonresidents to invoke the act and the rules was upheld.

Both the act of assembly and the Rules of Civil Procedure establish a method of service upon nonresident defendants. There is nothing contained in either which in our judgment could be interpreted as restricting the benefits to residents only. To deny the advantages of the statute and the rules to nonresidents would be to read something into the law which is not there. We find no merit in defendant's second contention.

Defendant's first proposition is more serious, for it is admitted by plaintiffs, and the record discloses, that service was not had upon defendant 15 days before February 4, 1946, which was the first Monday in February, designated on the writ as the return day thereof.

The Act of 1929, supra, made provision for the service of process upon the Secretary of Revenue by registered mail in those cases where nonresident users of our highways became defendants in actions arising out of such use. By a fiction created by statute, the Secre-

tary of Revenue became the agent of such nonresident users for the acceptance of whatever process might be issued in the actions above described. The second paragraph of the act provided that the Secretary of Revenue must be served by registered mail "at least fifteen (15) days before the return day of such process".

It thus appears that if the provisions of the act were in force at the time the summons was served in this case, defendant was not properly in court when judgment was entered against him and the judgment should be stricken off. Plaintiffs are in accord with this view. They assert, however, that the Rules of Civil Procedure supplanted the act of assembly, that the 15-day period set forth in the act is inconsistent with the rules and that the service was proper.

Pennsylvania Rule of Civil Procedure 2077(a) (1) makes general application of the Rules of Civil Procedure to those instances where the laws of the Commonwealth authorize service of process upon a nonresident. This, of course, transfers the procedural aspects of the 1929 Act. Rule 2079(a) provides for service of process upon nonresidents by registered mail addressed to the Secretary of the Commonwealth and to defendant's last known address, with an endorsement on the writ in the latter instance showing that service was made upon the Secretary of the Commonwealth. Rule 2100 suspends the Nonresident Motorist Service Act, supra, insofar as it provides procedure inconsistent with the rules. In this latter rule can be found the crux of the problem before us, for if the proviso for 15 days' service in advance of the return day is not inconsistent with the rules, defendant has not been properly served.

It is important to note that Pa. R. C. P. 2079(a) differs from the Act of 1929 in two major respects. The rule transfers the individual to be served from the Secretary of Revenue to the Secretary of the Com-

monwealth and is silent upon the question of time. It is only in Pa. R. C. P. 2081 and 2082 that the element of time is considered. In Pa. R. C. P. 2081 it is provided that where service has been made by registered mail under Pa. R. C. P. 2079(a) the court may order such continuance and extensions as may be necessary to afford defendant a reasonable opportunity to appear and defend. This rule is substantially the same as paragraph 4 of the act. In Pa. R. C. P. 2082 it is provided that no judgment shall be entered against a defendant who has not been personally served, or has not appeared, until plaintiff has given defendant such notice as the court shall direct.

It might appear at first impression that these latter two rules indicate the intent of the rules to provide a complete procedure separate and apart from that set forth in the Act of 1929. However, examination discloses the presence of harmony between the two. Goodrich-Amram's Pennsylvania Procedural Rules Service, in its comment to Pa. R. C. P. 2079, points this out in the discussion appearing on pages 60 and 61, Goodrich Amram §2079(a)2. There, on page 60, may be found the flat pronouncement that the 15-day requirement in the act is not inconsistent with the rules and remains in force. Judge Gibson, in Neff v. Hindman, supra, in support of the decision there reached, quoted liberally from the same work and concluded (p. 6):

"Even though it does not rank as a judgment, the opinions of the propounders of the Pennsylvania Rules of Civil Procedure should weigh at least equally with the judgment of a single common pleas court."

We are willing to concede equal dignity to the opinions in the rules service which refer to the question before us.

Our considered judgment is that, at the time of the inception of this lawsuit, the mandatory requirement of 15 days' service, in advance of the return day as set

forth in the act, was not supplanted by the rules. In consequence, the original service was bad, as pointed out by the Supreme Court in McCall v. Gates et al, 354 Pa. 158: "Legislative rules as to service of process are in derogation of common law and must be strictly construed." There is nothing in the Act of June 13, 1836, P. L. 568, sec. 34, 12 PS §733 (suspended absolutely January 1, 1947, by Pa. R. C. P. 1451) which would change the situation here, since that act referred to ordinary process and not the unusual service contemplated by the Act of 1929.

We consider it necessary to point out that we are not unmindful of the fact that on January 23, 1947, the date the default judgment was entered in this case, it was entirely probable that return days as such were no longer a part of our procedural system. Effective January 1, 1947, the Supreme Court, by rule 1451, suspended absolutely those statutes authorizing and establishing return days for writs of summons. Instead of return days, we now have a system provided by Pa. R. C. P. 1009, 1010 and 1013 whereby all writs are to be served within 30 days after issuance but may be reissued at any time and any number of times. The sheriff now makes his return immediately upon service or, if service has not been made, then upon the expiration of the period allowed for service.

This new procedure might, in the future, cause some trouble to those plaintiffs who invoke the Nonresident Motorist Service Act since the statute refers to the "return day", an institution which may no longer exist. But we consider ourselves bound by the law as it was at the inception of this case. At that time there was no question as to what constituted a return day, and there was equally no question but that the service relied upon to bring defendant into court was one day short of the period required by the act. We can at-

tribute no retroactive effect to Pa. R. C. P. 1451. See Gurzon v. H. J. Williams, Inc., 359 Pa. 517, 518.

It is only necessary to make one further observation. As noted above, rule 2082 (which was effective when judgment was entered) restricts the right of a plaintiff to enter judgment against a defendant who has not been personally served, or who has not appeared, until such notice as the court shall direct has been given to defendant. No such notice was given here and this of course renders the judgment invalid.

And now, to wit, February 2, 1949, the rule granted July 29, 1948, to show cause why the judgment entered to the above number and term should not be stricken from the record, is made absolute, and the judgment is stricken from the record.