**LEPPER v. BENNER et al.**

**Civ. No. 10723.**

United States District Court
E. D. Pennsylvania.

July 24, 1950.

166

Alphonsus R. Romeika, Philadelphia, Pa., for plaintiff.

Robert C. Duffy, Philadelphia, Pa., for defendants.

GRIM, District Judge.

This is an action, filed on March 15, 1950, to recover damages for personal injuries, sustained on November 19, 1948, as a result of a collision on that date on the Du-Pont Highway in the State of Delaware. The collision was between plaintiff's automobile and that of defendant Harold W. Benner, which, according to the Complaint, was being operated, at the time of the accident, by defendant David R. Frey, Benner's employee. Defendants do not dispute the alleged time and place of the accident. Jurisdiction is grounded upon diversity of citizenship, plaintiff being a citizen of New Jersey and defendants citizens of Pennsylvania. The matter in controversy exceeds $3,000, exclusive of interest and costs. Defendants have filed a motion to dismiss the Complaint on the ground that the action is barred by the applicable statute of limitations.

In diversity cases, a federal district court is governed by the conflicts of law rule of the state in which it presides. Klaxon Co. v. Stentor Electric

Mfg. Co., Inc., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477. In the present case, therefore, this Court must apply the Pennsylvania conflicts rule regarding the limitation of a cause of action arising in another state. This rule is found in the Pennsylvania Act of June 26, 1895, P.L. 375, 12 P.S. § 39, which provides: "When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth."

Delaware being the place where the present cause of action arose, this Court must refer to the law of Delaware pertaining to the limitation of personal injury actions. The Delaware Revised Code 1935, Sec. 5133 (Sec. 10), provides: "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained."

The present action was brought more than one year after the date upon which it is claimed that the alleged personal injuries were sustained. Therefore, the present action has been "fully barred" by the applicable (Delaware) statute of limitations.

Plaintiff contends that the action is not barred because there was damage to plaintiff's property (his automobile) in addition to his personal injuries, the statute of limitations in Delaware being three years for actions involving damage to personal property. However, the Complaint does not set forth any damage to plaintiff's automobile. The Complaint describes a collision in which plaintiff's automobile was involved, but it says nothing about damage to the automobile. From the fact that an automobile was involved in a collision, it does not necessarily follow that the automobile was damaged. There is a general averment claiming damages in the sum of $20,000 in the Complaint, with no specification of damage to property.

Accordingly, defendants' motion to dismiss the Complaint is hereby granted.