## KARAGIANNIS et ux. v. SHAFFER et al.
### Civ. A. No. 8115.

United States District Court
W. D. Pennsylvania.
Feb. 15, 1951.

George C. Mantzoros, of the law firm of Wilner & Wilner, Pittsburgh, Pa., for the plaintiffs.

H. A. Robinson, of the law firm of Dickie, Robinson & McCamey, Pittsburgh, Pa., for the defendants.

MARSH, District Judge.

The plaintiffs, residents and citizens of Illinois, brought this action against William A. Shaffer, a resident and citizen of Pennsylvania, and the Henry Shaffer Lumber Company, a partnership with its office and principal place of business in Pennsylvania. The complaint alleges that on March 2, 1948, a motor vehicle owned by the defendant, William A. Shaffer, and used by him in his capacity as a partner and agent of the defendant, Henry Shaffer Lumber Company, in the conduct of the business of said partnership, with its knowledge and consent, was in the possession,

control and operation of Clyde Ernest Rollans, who was acting as agent, servant and/or employee of said defendants in the course of his employment. On the above date, and while this automobile was being operated by Rollans in a negligent manner on a public highway in the State of Alabama, it collided with the automobile owned and operated by the plaintiff, Bessie Karagiannis, causing injuries to her and to her husband, William Karagiannis.

Suit was instituted in this court on September 20, 1949, more than one year after the cause of action arose. Defendants moved for judgment on the pleadings, setting up the Alabama Statute of Limitations of one year as a bar to the action.

The interesting questions of law thus arising were ably argued by counsel. After due consideration the court is of the opinion that judgment should be entered in favor of the defendants on the pleadings.

■ Of course, the suit is timely under the two year Pennsylvania Statute of Limitations, the law of the forum,[1] but the Act of 1895, P.L. 375, § 1, 12 P.S. § 39, frequently called the "borrowing" Act, requires the use of the Alabama Statute of Limitations.

The Pennsylvania "borrowing" Act provides: "When a *cause of action has been fully barred* by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth." (Emphasis added.)

The Alabama Statute of Limitations, Title 7, Section 26, of the Code of 1940, provides: "The following must be commenced within one year: * * * *Actions* for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated." (Emphasis added.) The contention of the plaintiffs is that the *action* alone is barred in Alabama and, therefore, it does not meet the requirements of the Pennsylvania Act that the *cause of action be fully barred.*

■ The general purpose of comity statutes is to give a defendant the benefit of the limitation in effect in the jurisdiction where the cause of action arises. The Pennsylvania Act of 1895 has been used to effectuate this general purpose. In Fulkerson v. American Chain & Cable Co., Inc., D.C.W.D.Pa.1947, 72 F.Supp. 334, the court used the Pennsylvania Act of 1895 to apply the Kentucky Statute of Limitations which provided: "An *action* for an injury to the person of the plaintiff shall be commenced within one year after the cause of action accrued." KRS 413.140. (Emphasis added.) See also Hartmann v. Time, Inc., 3 Cir., 1948, 166 F.2d 127; Lepper v. Benner et al., D.C.E.D.Pa.1950, 92 F.Supp. 165; Renault v. L. N. Renault & Sons, Inc., D.C.E.D.Pa.1950, 90 F.Supp. 630.

Since the Act of 1895 requires the use of the Statute of Limitations of Alabama, it is necessary to decide whether the operation of the statute has been tolled. Title 7, Section 34, of the Alabama Code of 1940, states: "When any person is absent from the state during the period within which a suit might have been brought against him, the time of such absence must not be computed as a portion of the time necessary to create a bar under this chapter." Peters v. Tuell Dairy Company et al., 1948, 250 Ala. 600, 35 So.2d 344 held, however, that if the defendant is amenable to service under the Non-Resident Motorist Act, Title 7, Chapter 199, Alabama Code of 1940 [2], the Statute of Limitations would not be tolled.

It is therefore necessary to decide whether the defendants are amenable to service

---

1. Restatement of Conflicts, Section 604.

2. This Act provides: "The operation by a nonresident of a motor vehicle on a public highway in this state, or the operation on a public highway in this state of a motor vehicle owned by any nonresident and being operated by such nonresident, or his, their or its agent, shall be deemed equivalent to an appointment by such nonresident of the secretary of state of the State of Alabama, or his successor in office, to be such nonresident's true and lawful agent or attorney upon whom may be served the summons and complaint in any action against such nonresident growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such public highway; * * *."

under the Non-Resident Motorist Act of Alabama, but first it must be determined whether these nonresident plaintiffs could have brought this suit in Alabama and received the benefits of that Act.

█ No Alabama decision has been called to our attention refusing the benefits of that State's Non-Resident Motorist Act to a nonresident plaintiff. In absence of an interpretative state court decision this court must ascertain the Alabama law "from all the available data." West et al. v. American Telephone & Telegraph Co., 1940, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed 139; Stentor Electric Mfg. Co., Inc. v. Klaxon Co., 3 Cir., 1942, 125 F.2d 820.

█ As a general rule residence within a state is not a prerequisite for the use of its courts. Primarily, nonresident motorist acts were enacted for the protection of residents of the enacting states, but there is no compelling reason to limit the benefits of the acts to residents in absence of an express limitation to that effect in the act itself. There are many jurisdictions so holding.[3]

. It is the opinion of this court that the cases, jurisdictions and authorities which hold that the residence of plaintiff is immaterial state the law correctly, and that the Alabama courts would so hold. Therefore, plaintiffs could have maintained their action in Alabama if they had brought it within the one year period.

Turning now to the question whether the defendants were amenable to service, under the provisions of the Alabama Non-Resident Motorist Act, again, the law of that state must be ascertained.

█ Since the defendant, William A. Shaffer, was the owner of the car operated by his alleged agent Rollans, by the specific terms of the Act he is amenable to the substituted service therein provided. Whether the nonresident partnership is amenable to such service is a more difficult question and it does not appear that the courts of Alabama have decided it.

In Dealer's Transport Co. v. Reese, 5 Cir., 1943, 138 F.2d 638, 640, an Illinois, an Illinois corporation, by its employee, operated a truck owned by the United States Army on the public highways of Alabama, where it was involved in a collision. An action was brought against the corporation and the employee driver. Substituted service was obtained upon the corporation by virtue of the Non-Resident Motorist Act under discussion. The Court of Appeals upheld this service under the Alabama statute, stating that "The test is operation—not ownership." It construed the confusing disjunctive phrase relating to "* * * operation * * * of a motor vehicle owned by any nonresident" as parenthetical, and not in limitation of the first phrase relating to "The operation by a nonresident of a motor vehicle on a public highway in this state." The court does not limit the meaning of the phrase "operation by a nonresident" to personal physical operation, but realistically regards corporations as included in the word "nonresident." Surely a nonresident partnership would likewise be included.

Like a corporation, a partnership can operate a car only by an employee or agent, which would include a partner. Construing the amended complaint on this phase of the case in the most favorable light for the plaintiffs, Rollans, the driver, must be regarded as an agent of the partnership and driving on its business within the scope

3. The following states are in accord with this view: Arkansas, Connecticut, Delaware, Iowa, New Hampshire, New York, Kentucky, Montana and Wisconsin.

Section 8671, Williams' Tennessee Code Annotated, 1934, required that the action be brought by "a resident of this state"; the current Code, in Section 8671, provides that the action may be brought "by any person".

In Section 2077 (a) 9, Goodrich-Amram, Pennsylvania procedure, the authors state that the Pennsylvania Non-Resident Motorist Act should not be limited to resident plaintiffs. To the same effect are Neff v. Hindman, D.C.W.D.Pa.1948, 77 F.Supp. 4 and John v. Parks, Common Pleas, Fayette County, 1947, 63 Pa. Dist. & Co.R. 375; contra Lambert v. Doyle, D.C.E.D.Pa.1947, 70 F.Supp. 990, and Haddonleigh Estates, Inc. v. Spector Motor Service, Inc., Common Pleas, Bucks County, 1941, 41 Pa.Dist. & Co.R. 246.

of his authority at the time of the collision at the personal direction of the partner, William A. Shaffer. Thus, by analogy to Dealer's Transport Co. v. Reese, the nonresident partnership, by agent, operated a motor vehicle owned by another upon Alabama's highways and is amenable to constructive service under the interpretation given to the statute by the Court of Appeals for the Fifth Circuit. In the opinion of this court that interpretation effects the purpose for which the statute was enacted, and would be so interpreted by the courts of Alabama.

Summarizing, the plaintiffs could have maintained a timely action in Alabama where the collision occurred, against these nonresident defendants. Since both of the defendants are amenable to substituted service of process under the Alabama Non-Resident Motorist Act, the Alabama Statute of Limitations was not tolled by their absence from that state and residence in Pennsylvania. Applying the Pennsylvania "borrowing" Act of 1895, this action, brought more than one year after the cause of action arose, is barred by the Alabama Statute of Limitations.