**GREENE v. GOODYEAR et al.**
Civ. No. 4429.

United States District Court
M. D. Pennsylvania.
April 15, 1953.

As Amended April 27, 1953.

Edward J. Rabb, Akron, Ohio, F. Brewster Wickersham of Metzger & Wickersham, Harrisburg, Pa., for plaintiff.

Arthur H. Hull of Hull, Leiby & Metzger, Harrisburg, Pa., for defendants, Robert E. Goodyear and Eastern Freight Lines, Inc.

Spencer G. Hall, G. Thomas Miller of Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendants, Eugene Moser and Verne E. Bole.

FOLLMER, District Judge.

Plaintiff, a nonresident of Pennsylvania, as Administratrix of the Estate of James F. Dingey, deceased, brings this action against Eastern Freight Lines, Inc., a Pennsylvania corporation, as the owner of a tractor-trailer allegedly involved in an accident, and its driver, Robert E. Goodyear, a resident of Pennsylvania, and also against Eugene Moser alleged to be the owner of another tractor-trailer involved and his driver, Verne E. Bole, both residents of Indiana. The accident is alleged to have occurred in Pennsylvania on October 18, 1951, resulting in Dingey's death.

The claims are under the Pennsylvania Death and Survival Statutes. Plaintiff's appointment was in Ohio. The complaint was filed September 4, 1952. The exemplified copy of her appointment with affidavit as required by the Fiduciaries Act of April 18, 1949, 20 P.S. § 320.1101, was filed on September 10, 1952, in the Office of the Register of Wills of Dauphin County, Pennsylvania. Service on Moser and Bole was had under the provisions of the Pennsylvania Nonresident Motorist Statute, 75 P.S. § 1201 et seq.

Eastern Freight Lines, Inc. and Goodyear move to dismiss the complaint on the ground that the Administratrix does not have the capacity to bring a wrong-

ful death action under the laws of Pennsylvania. The allowance of the amendment to the complaint showing the filing of the exemplified copy of appointment and affidavit did not change the cause of action or the party plaintiff, and was clearly proper.[1] The filing of the exemplification was in any event within the year and prior to any running of the Statute of Limitations. Neither is there any doubt as to the capacity of the plaintiff as a foreign administrator to sue. Moore's Federal Practice, 2nd Ed., Vol. 3, Par. 17.19, Page 1386, points out that "The majority of states now have statutes which permit foreign executors and administrators to sue, although they often require the foreign representative to comply with certain conditions, such as recordation of a copy of his letters in a specified office. In a federal court held in a state which has such a statute the foreign representative has capacity to sue by virtue of the last sentence of subdivision (b), but he should comply with conditions of the state statute." Pennsylvania has such a provision in the "Fiduciaries Act of 1949", 20 P.S. § 320.1101 et seq., and there has been compliance with the condition of the state statute.[2]

Defendant refers to the case of Straub v. Jaeger, D.C.E.D.Pa., 9 F.R.D. 672, as holding otherwise. That action was instituted prior to the effective date of the Fiduciaries Act of 1949 by a New Jersey administrator ad prosequendum under the New Jersey Death Act N.J.S. 2A:31–1 et seq., N.J.S.A., for a cause of action arising in Pennsylvania. The Pennsylvania Death Act 12 P.S. § 1601 et seq., which controlled the action contains a one year limitation. The "death" action was instituted within one day of two years and consequently too late. There was no attempt to sue under the Pennsylvania Survival Statute, 20 P.S. § 320.601, until the expiration of the limitation of actions applicable

thereto. The opinion in a footnote to which counsel refers merely pointed out that the Fiduciaries Act of 1949 could not have affected this result. The court indicated that the result was in no way predicated upon the right to an amendment changing the capacity of a party or substituting a new party.

Defendant further contends that under rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff is not the proper person to prosecute the wrongful death action. This contention cannot be sustained. It has already received the attention of the court in this District in Suders v. Campbell, D.C.M.D.Pa., 73 F. Supp. 112, and by the Court of Appeals of this Circuit in the case of Jaffe v. Philadelphia & Western R. Co., in which case Judge Kirkpatrick in the Eastern District of Pennsylvania, 80 F.Supp. 416, 417, specifically held:

"As to the defendant's attack on the first cause of action, Rule 17(a) of the Federal Rules, 28 U.S.C.A., provides that although every action shall be prosecuted in the name of the real party in interest, 'an * * * administrator * * * or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought'. Pennsylvania Rule of Civil Procedure 2202, 12 P.S.Appendix, which, for this purpose has the effect of a statute, authorizes this administratrix to sue for the widow's cause of action as well as that of the estate under the act of 1937."

and the Court of Appeals, 180 F.2d 1010, 1012, affirmed with this comment,

"It cannot be successfully contended that here the administratrix is not a real party in interest."

 Moser and Boles also filed motion to dismiss assigning the reason already dis-

1. Fierstein v. Piper Aircraft Corporation, D.C.M.D.Pa., 79 F.Supp. 217; Sechrist v. Palshook, D.C.M.D.Pa., 97 F.Supp. 505; Montgomery Ward & Co. v. Callahan, 10 Cir, 127 F.2d 32; Moore's Federal Practice, 2nd Ed., Vol. 3, Par. 15.15.

2. Judge Welsh in Bolitho v. Buch Express, Inc., D.C.E.D.Pa., in opinions of November 15, 1951, 12 F.R.D. 189, and March 24, 1952, 14 F.R.D. 245, gave this problem careful consideration. See also Boyle v. Curtis Publishing Co., D.C.E.D. Pa., 11 F.R.D. 92.

cussed and contend further that the plaintiff, a nonresident of Pennsylvania, is not entitled to the rights of service of process conferred by the Pennsylvania Nonresident Motorist Act, 75 P.S. § 1201. This Act provides for service of process through the Secretary of Revenue of the Commonwealth upon nonresidents such as Moser and Boles "in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania * * * against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."[3] There is no provision excluding nonresident plaintiffs from the benefits thereof.

In two early Pennsylvania County Court decisions it was held that the act did not apply to a suit by a nonresident plaintiff,[4] and the court in Lambert v. Doyle, D.C.E. D.Pa.1947, 70 F.Supp. 990, felt bound to follow what then appeared to be the law of Pennsylvania. However, other county courts have since that time held that the Act was not so restricted.[5] This is in accord with the statement in Goodrich-Amram, Pennsylvania Procedure, § 2077 (a)–9, that it is "immaterial that the plaintiff is not a resident of or is not domiciled in the state."

Judge Gibson in Neff v. Hindman, D.C. W.D.Pa., 77 F.Supp. 4, and Judge Marsh in Karagiannis v. Shaffer, D.C.W.D.Pa., 96 F.Supp. 211, arrived at the same conclusion. No purpose would be served in repeating the able and convincing discussions therein contained. Other states having similar statutes are in accord.[6]

The motions to dismiss must therefore be denied.

3. See discussion of "Service Under Nonresident Motorist Statutes" in Moore's Fed. Practice, 2nd Ed., Vol. 2, Par. 4.16.

4. Perkins v. Great Eastern System, Inc., Court of Common Pleas, Bucks County, No. 17 Jan. Term 1937 (unreported); Haddonleigh Estates, Inc. v. Spector Motor Service, 1941, 41 Pa.Dist. & Co.R. 246, 247, (also in Bucks County).

5. John v. Parks (Fayette County, 1947), 63 Pa.Dist. & Co.R. 375; Webb v. Link (Erie County, 1949) 70 Pa.Dist. & Co. R. 51, 73 Pa.Dist. & Co.R. 517.

6. Karagiannis v. Shaffer, supra; Goodrich-Amram, Pennsylvania Procedure, § 2077(a)–9 (footnote).