Carmine **ALOPARI**

v.

Joan **O'LEARY**

and

**Richard Ueberrth.**

Civ. A. No. 21343.

United States District Court
E. D. Pennsylvania.

July 26, 1957.

Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Gross & Herster, Easton, Pa., Louis J. Goffman, of Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Joan O'Leary.

VAN DUSEN, District Judge.

This matter comes before the court on motions of defendant Joan O'Leary (1) to quash the return of service of summons on her; (2) to set aside the default entered against her on February 28, 1957; and (3) to dismiss the action under Fed.Rules Civ.Proc. rule 12(b), 28 U.S.C., for want of venue in this court.[1]

Plaintiff, a resident of New York, brings this action against defendant Joan O'Leary, a resident of California, and defendant Richard Ueberrth, a resident of the Eastern District of Pennsylvania, to recover damages for personal injuries arising out of an automobile accident in the Middle District of Pennsylvania (Monroe County). On January 20, 1956, plaintiff was a passenger in an automobile driven by defendant O'Leary when such automobile collided with an automobile driven by defendant Ueberrth.

Suit was instituted by plaintiff on September 17, 1956, in this court and personal service was made on defendant Ueberrth by leaving a copy of the summons at his residence with an adult member of his family on October 19, 1956. In an attempt to comply with the Pennsylvania Nonresident Motorist Act (75 P.S. §§ 1201 and 1202), the Marshal sent, by registered mail, on October 12, 1956, identical copies of the summons furnished him by plaintiff's attorney to the Secretary of the Commonwealth of Pennsylvania and to defendant O'Leary. The copy of the writ of summons sent to defendant O'Leary did not

1. This motion is combined with the motion described under (1) above in a document filed May 17, 1957.

have any endorsement upon it (see 75 P.S. § 1202) but she did receive a copy of the summons on or before October 18, 1956.[2] The defendant O'Leary also received a copy of the complaint, without any endorsement thereon, in the envelope containing the copy of the writ of summons.

Both defendants failed to plead or otherwise defend the suit and a default notation was entered against both of them on February 28, 1957, pursuant to F.R. Civ.P. rule 55.

Thereafter, on May 17, 1957, defendant O'Leary's attorney entered his appearance and moved to dismiss the action or, in lieu thereof, to quash service of summons on defendant O'Leary. Argument was held on these motions on June 24, 1957, by which time defendant O'Leary's attorney noted the default which had previously been taken and moved to set aside the default entered against her, alleging "the inadvertence and excusable neglect of counsel," that defendant has valid defenses to this action, and that plaintiff will not be prejudiced by permitting said defenses to be raised. Plaintiff objects to any setting aside of the default, as well as the motion to dismiss and to quash the service of summons.

### I. Motion to Quash the Return of Service of Summons

The Pennsylvania Nonresident Motorist Act provides that there shall be sent to the non-resident defendant a copy of the process "with an endorsement thereon of the service upon said Secretary of the Commonwealth." The Pennsylvania courts have repeatedly held that statutes providing for substituted service (in place of personal service) are to be construed strictly. See Hughes v. Hughes, 1932, 306 Pa. 75, 78, 158 A. 874; Williams v. Meredith, 1937, 326 Pa. 570, 572, 192 A. 924, 115 A.L.R. 890; McCall v. Gates, 1946, 354 Pa. 158, 161, 47 A.2d 211.[3] The above-mentioned Pennsylvania Supreme Court decisions make clear that, since the process furnished the Marshal by plaintiff's counsel was not in accordance with the substituted service prescribed by the Pennsylvania General Assembly, the service of process on defendant O'Leary was ineffective and must be set aside.[4]

### II. Motion to Set Aside Default

Even though the conclusion reached under I above should be incorrect, defendant O'Leary is entitled to have the default of 2/28/57 entered against her set aside. A motion to set

---

2. See Stipulation filed July 23, 1957.

3. See, also, Werner v. Clingerman, 1936, 28 Pa.Dist. & Co.R. 200; Bozurich v. Bollinger, 85 Pittsb.Leg.J. 795 (1936); cf. Croll & Keck, Inc. v. Landy, 1954, 3 Pa.Dist. & Co.R.2d 513; 1 Goodrich-Amram Civil Practice, Commentary to Rules, § 2079(a)–2, p. 59. The dictum from Wax v. Van Marter, 1937, 124 Pa. Super. 573, 577, 189 A. 537, 539, relied on in Croll & Keck, Inc. v. Landy, supra, is predicated upon there being "a reasonable probability that the requirements of the statute were complied with." The sentence of the Superior Court's decision following that quoted by the Berks County Court in Croll & Keck, Inc. v. Landy, supra, states:

"In the present case, the plaintiff followed the provisions of the statute; he could do no more."

In this case, the plaintiff did not follow the provisions of the statute. This court is bound by the appellate court decisions of Pennsylvania in this diversity case. Also, it is noted that the policy behind statutes involved in the Croll & Keck decision and the facts of that case differ from those in this case.

4. It is noted also that this court has adopted the rule that the above-mentioned Pennsylvania Nonresident Motorist Act is ineffective where the plaintiff is a non-resident. See Lambert v. Doyle, D.C.E.D.Pa.1947, 70 F.Supp. 990. But cf. Greene v. Goodyear, D.C.M.D.Pa.1953, 112 F.Supp. 27, and cases there cited. However, this and other objections to the service of process raised by defendant O'Leary need not be considered in view of the failure to follow the terms of 75 P.S. § 1202 by serving a process on the non-resident defendant containing the required endorsement that service is also made on the Secretary of the Commonwealth.

aside a default is addressed to the discretion of the court. Any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits.[5] In view of the lack of any substantial prejudice to plaintiff, the claim of a meritorious defense, and the absence of any gross neglect on the part of defendant, the default will be set aside.

### III. Motion to Dismiss for Want of Venue

In view of the ineffective service of process, the motion to dismiss for this ground need not be considered at this time. It is sufficient to note that, even if effective service is made on the defendant O'Leary, in accordance with the terms of 75 P.S. §§ 1201 and 1202, it would appear that she could have the action dismissed for improper venue if this motion is promptly renewed after effective service upon her. See Olberding v. Illinois Central R. Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498.[6]

### Order

And now, July 26, 1957, it is ordered that (1) defendant O'Leary's motion to quash the return of service of summons on her is granted, and the return of service of the summons on Joan O'Leary, defendant, is quashed, set aside, and vacated; and (2) the motion to set aside the default entered against Joan O'Leary, defendant, on February 28, 1957, is granted, and the entry of default against her is set aside and vacated.

5. See Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242; Chapman v. Henry A. Dreer, Inc., D.C. E.D.Pa.1953, 14 F.R.D. 218; Elias v. Pitucci, D.C.E.D.Pa.1952, 13 F.R.D. 13; Soriano v. American Liberty Steamship Corp., D.C.E.D.Pa.1952, 13 F.R.D. 485. See, also, F.R.Civ.P. rules 55(c) and 60 (b).

6. It is noted that even if the procedure followed in the Croll & Keck decision of staying proceedings (rather than setting aside the service) were adopted here, it would appear that defendant could raise her venue objections after receipt of the process served in compliance with the statutory requirements. In any event, the procedure being followed here appears to the undersigned to be required by the Pennsylvania appellate court decisions cited above. Service was made under F.R.Civ.P. 4(d) (7).