## Goldstein v. Biddle Co., Inc.

*William E. Eimer*, for plaintiff.

*Arthur B. Walsh*, for defendant.

BIESTER, P. J., February 28, 1962.—This is a trespass action arising out of an automobile accident which occurred in this county. Service of process was made through the Secretary of the Commonwealth, under the provisions of the Nonresident Motorist Service Act of May 14, 1929, P. L. 1721, as amended, 75 PS §2001. Both of the parties are nonresidents.

Defendant filed preliminary objections, the first of which contends that the nonresident motorist service statute is not available to a nonresident plaintiff. In support of this proposition, defendant cites, and relies upon, two cases previously decided by this court. They are Pekins v. Great Eastern System, Inc., Court of Common Pleas of Bucks County, no. 17, January term, 1937 (unreported), and Haddonleigh Estates, Inc. v. Spector Motor Service, Inc., 41 D. & C. 246, both of which unquestionably sustain defendant's position. We are convinced that these cases were erroneously decided.

Pennsylvania Rule of Civil Procedure 2077 treats of the method of service of process on nonresidents generally, where such service is authorized by the laws of this Commonwealth. In Goodrich-Amram, §2077

(a)-9, we find the following comment, with which we are in accord: "While the nonresident service statutes were originally designed to protect the resident plaintiff, the Non-Resident Motorist Act contains no limitation that the plaintiff must be a resident or must be domiciled in the state. Moreover, 'neither citizenship nor residence is requisite to entitle a person to bring suit in Pennsylvania.' (Citing Knight v. West Jersey R. R. Co., 108 Pa. 250.) It is therefore immaterial that the plaintiff is not a resident of or is not domiciled in the state." The notes then contain a criticism of the two opinions of this court heretofore referred to.

It is true that Lambert v. Doyle, 70 F. Supp. 990 (E. D. Pa. 1947), is in accord with the previous decisions of this court, but Judge Bard explicitly states that he is relying upon the Haddonleigh decision, because it was, at that time, the only reported case of the courts of Pennsylvania, and he felt bound thereby. In Neff v. Hindman, 77 F. Supp. 4 (W. D. Pa. 1948), the court holds to the contrary, stating that it is not only in disagreement with the Haddonleigh decision, but that it does not feel compelled to follow it. Subsequently, in Karagiannis v. Shaffer, 96 F. Supp. 211 (W. D. Pa. 1951), and Greene v. Goodyear, 112 F. Supp. 27 (M.D. Pa. 1953), the district court holds that the benefits of the nonresident motorist act are available to a nonresident plaintiff. The only other reported cases that we have discovered on the subject are John v. Parks, 63 D. & C. 375 (Fayette County) and Webb v. Link, 70 D. & C. 51 (Erie County). Both of these cases are in disaccord with the Haddonleigh decision and consistent with our present finding.

In Karagiannis v. Shaffer, supra, (p. 213) the court states: "As a general rule residence within a state is not a prerequisite for the use of its courts. Primarily, nonresident motorist acts were enacted for the protection of residents of the enacting states, but there is

no compelling reason to limit the benefits of the acts to residents in absence of an express limitation to that effect in the act itself . . ."

For the reasons hereinabove enumerated, we feel compelled to repudiate the previous decisions of this court on the subject and now hold that the nonresidents service statute and the rules of civil procedure governing service upon nonresident defendants are available, not only to residents of this state, but to nonresidents thereof.

The second objection needs little comment. In the complaint, defendant is not identified by name, except as defendant's name appears in the caption. The caption names defendant as "Biddle Company, Inc.," and paragraph 2 of the complaint states: "Defendant is a corporation with its place of business at 19 Heil Avenue, Trenton, New Jersey." Defendant suggests that the corporation defendant should be further identified in the body of the complaint. We regard this objection as being captious and without merit.

### Order

And now, February 28, 1962, the preliminary objections heretofore filed in the above case are overruled, denied and refused. Defendant is granted 20 days within which to file an answer to the complaint.